UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Jonathan Blaylock,

    Petitioner

v.

Ronald Oliver, *et al.*,

    Respondents

Case No.: 2:25-cv-00782-JAD-NJK

**Scheduling Order**

Jonathan Blaylock, who is incarcerated at Nevada's Southern Desert Correctional Center, brings this action to seek federal habeas relief from his 2019 state-court convictions. I have appointed counsel for Blaylock,[1] and his appointed counsel has appeared,[2] as has respondents' counsel.[3]

**IT IS THEREFORE ORDERED that the following schedule will govern further proceedings in this case:**

**Amended Petition**. Petitioner has until November 7, 2025, to file an amended petition for writ of habeas corpus.

**Response to Amended Petition**. Respondents will have 90 days from the filing of an amended petition to file an answer or other response to the amended petition.

**Reply**. Petitioner will have 60 days following the filing of an answer to file a reply. Respondents will have 30 days following the filing of a reply to file a response to the reply.

---

[1] ECF No. 6.
[2] ECF Nos. 10, 11.
[3] ECF No. 9.

**Briefing of Motion to Dismiss**. If respondents file a motion to dismiss, petitioner will have 60 days following that filing to file a response to the motion. Respondents will have 30 days to file a reply.

**Discovery**.  If petitioner wishes to move for leave to conduct discovery, he must file such a motion concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any such motion filed before that time may be considered premature and may be denied without prejudice on that basis. Respondents must file a response to any such motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Petitioner will thereafter have 20 days to file a reply in support of the motion for leave to conduct discovery.

**Evidentiary Hearing**. If petitioner wishes to request an evidentiary hearing, he must file a motion for an evidentiary hearing concurrently with, but separate from, the response to respondents' motion to dismiss or the reply to respondents' answer. Any such motion filed before that time may be considered premature and may be denied without prejudice on that basis. The motion for an evidentiary hearing must specifically address why an evidentiary hearing is required and must meet the requirements of 28 U.S.C. § 2254(e). The motion must state whether an evidentiary hearing was held in state court, and, if so, state where the transcript is located in the record. If petitioner files a motion for an evidentiary hearing, respondents must file a response to that motion concurrently with, but separate from, their reply in support of their motion to dismiss or their response to petitioner's reply. Thereafter, petitioner will have 20 days to file a reply in support of the motion for an evidentiary hearing.

_____
U.S. District Judge Jennifer A. Dorsey
July 31, 2025